Judge Brooke,
delivered the opinion of the Court.
The Court is of opinion, that a tacit understanding between the parties, founded on a known practice of the appellee, to lend money at legal interest, if the borrower purchased of him a horse, at an unreasonable price, would be a shift to evade the statute against usury. Whether the transaction under the consideration of the Court, was of *113 that character or not, the Court is not entirely satisfied by the testimony in the record; and, is of opinion, that an opportunity ought to be afforded the appellant, (of which he has been deprived by executing the deed of trust,) to submit the facts alledged in his bill, to a jury, who will be more competent to decide them on the viva voce testimony of the witnesses, (if to be had,) than the Chancellor or this Court, on the depositions in the cause, and that the said decree is erroneous; therefore, it is decreed and ordered, that the same be reversed and annulled, &e. And it is ordered, that the cause be remanded to the said Court Chancery, with directions to that Court to have an issue made up and tried, to ascertain the value of the horse at the time of the sale of the same to the appellant; whether he was or was not influenced in agreeing to give the price of four hundred dollars for said horse, by the expectation of a loan of money; and. whether the purchase of the horse at that price, was or was not, an inducement to the appellee to lend the five hundred dollars to the appellant, at legal interest; and that the cause be further proceeded in, according to the principles of this decree.